IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DEWEY,<br><br>     Petitioner,<br><br>  vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>     Respondent. | No. 2:08-cv-00580-JKS<br><br>STAY ORDER |

  At Docket No. 14 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392. Respondent concurs that this matter should be stayed. Docket No. 15. Petitioner Paul Edward Dewey, a state prisoner appearing *pro se*, opposes staying this matter. Docket No. 16.

  In his petition Dewey raises a single issue: his due process rights were violated when the parole board denied him parole based solely on the facts of the underlying conviction. In opposing a stay in this action, Dewey contends that in *In re Lawrence*[1] the California Supreme Court has created a liberty interest in parole that is entitled to the protection of the Due Process Clause notwithstanding that it is broader than the minimum required by the Constitution. The Court disagrees. The issue before this Court is whether the United States Supreme Court has held that reliance on the underlying commitment offense alone violates the Due Process Clause of the Fourteenth Amendment.

  This Court is not unmindful that the decision of the California Supreme Court in *Lawrence* strongly supports Dewey's position. This Court cannot, however, grant relief unless

---

[1] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] Whatever view the California Supreme Court may have construing federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[5]

Federal law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from well settled. There is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[6] Due process is satisfied when the state provides for review of the inmate's file, a personal interview by the Board, and a statement of its reasons for denying parole,[7] and that decision is supported by some evidence in the record.[8] Squarely before the en

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams v. Taylor*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, 128 S.Ct. 743, 746-47 (2008) (per curiam); *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (holding that where the Supreme Court has not directly considered an issue, the decision of a state court cannot be contrary to or an unreasonable application of clearly established Supreme Court precedent).

[5] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes. It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[6] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[7] *See Id*. at 15.

[8] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[9] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *federal law* of the circuit.  Whatever decision is reached in *Hayward*, this Court will be bound by that decision,[10] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Dewey.  On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

**IT IS THEREFORE ORDERED THAT** this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

**IT IS FURTHER ORDERED THAT**, should the Petitioner be granted parole, not later than 30 days after the decision of the Board of Parole Hearings becomes effective, Respondent is directed to inform the Court of the action of the Board and the date Petitioner is scheduled to be released on parole.

Dated:  August 10, 2009.

                                              /s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge

---

[9] 334 F.3d 910, 916–17 (9th Cir. 2003).

[10] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).