IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWARD DEWEY,

                    Petitioner,

          vs.

D. K. SISTO, Warden, California State
Prison, Solano,

                    Respondent.

No. 2:08-cv-00580-JKS

ORDER
[Re:  Motion at Docket No. 24]

At Docket No. 23 this Court entered Judgment granting the Petition of Paul Edward
Dewey for Relief Under 28 U.S.C. § 2254 and ordered the Board of Parole Hearings to hold a
new parole-suitability hearing within 120 days.  At Docket No. 24 Respondent timely filed a
Motion to Alter Judgment, Alternatively, Motion for Relief From Judgment.

Respondent seeks to alter or amend the Judgment under Federal Rule of Civil Procedure
59(e) or, alternatively, for relief from the Judgment under Federal Rule of Civil Procedure 60(b).
The motion having been filed within 28 days of the date the Judgment was entered, the Court
treats the motion as having been brought under Rule 59(e).[1]

This Court may grant relief under Rule 59(e) under limited circumstances: an intervening
change of controlling authority, new evidence has surfaced, or the previous disposition was

---

[1] *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99
(9th Cir. 2001).

clearly erroneous and, if uncorrected, would work a manifest injustice.[2]  To justify an amendment to a judgment based upon newly discovered evidence, the movant must show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.[3]

Respondent has submitted new evidence indicating that on July 6, 2010, the Board found Dewey suitable for parole, and the Governor has declined to review that decision.  Dewey has, therefore, been previously afforded the relief that this Court could grant,[4] and the Judgment entered herein should be vacated.  Federal courts lack jurisdiction to consider moot claims.[5]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[6]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[7]  There being no further effective relief that this Court may grant in this case, it must be dismissed as moot.

**IT IS THEREFORE ORDERED THAT** the Motion to Alter Judgment, Alternatively, Motion for Relief From Judgment at Docket No. 24 is **GRANTED**.

---

[2] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[3] *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

[4] *See In re Prather*, 234 P.3d 541, 550-54 (Cal. 2010); *Haggard v. Curry*,  --- F.3d ---, 2010 WL 4978842 at *4-*5 (9th Cir. Dec. 9, 2010) (citing *Prather*).

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[6] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[7] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

**IT IS FURTHER ORDERED THAT** the Judgment entered herein at Docket No. 23 is hereby **VACATED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[8]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[9]

The Clerk of the Court is to enter judgment accordingly.

Dated:  January 20, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[8] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[9] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.